UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

Mark Franklin Hoeltzel

Case No. 2:18-CR-20111

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                         s/Terrence G. Berg
                                         UNITED STATES DISTRICT JUDGE

Dated:   December 19, 2022

Mark Hoeltzel, a 51-year-old federal inmate serving a 10-year sentence of imprisonment, has filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the motion will be **DENIED.**

*Background*

Hoeltzel was born with congenital pulmonary stenosis, a heart condition for which he underwent surgery as a young child. Before the events giving rise to this case, he worked as a pediatric rheumatologist.

In 2018, following an investigation that led to the discovery of child pornography and inappropriate messages with children on his computer, Hoeltzel pleaded guilty to one count of coercion and enticement of a minor. 18 U.S.C. § 2422(b). On December 13, he was sentenced to 120 months' imprisonment, followed by a 6-year term of supervised release. (ECF No. 30, 42.) Shortly after this sentence was finalized, the Washtenaw County Circuit Court sentenced Hoeltzel to an additional 5 to 15 years in prison in a related state matter, to be served concurrently with his federal sentence. (ECF No. 79.) Although he filed a federal habeas petition asserting that his trial counsel was ineffective for failing to move to suppress the search warrant that led to the discovery of the messages and images in this case (ECF No. 43), he later voluntarily withdrew that motion (ECF No. 86).

In November 2020, while the COVID-19 pandemic raged, Hoeltzel filed his first motion under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 75, 79.) He acknowledged that, if he were released from federal prison, he would simply be transferred to a state prison. But he argued that his heart condition, plus his obesity (68" tall, weighing 180 pounds) and the lack of adequate social distancing measures at his prison (FCI Milan), increased his risk of COVID-19-related complications. He also attached his prison risk assessments and rehabilitative programming records, asserting that—given the difficulties he had encountered in accessing sex offender and addiction treatment programs at his particular institution— reducing his federal sentence and releasing him to a state facility would not impact the goals of sentencing.

1

In February 2021, the then-presiding judge, the Honorable Arthur J. Tarnow, denied the motion. (ECF No. 87.) Judge Tarnow reasoned that Hoeltzel's medical conditions might, under different circumstances, be considered compelling reasons for a sentence reduction at that point in the pandemic. Given Hoeltzel's inevitable transfer to a state prison on release from federal prison, however, and the lack of any evidence showing that conditions would be less risky there, Judge Tarnow concluded that extraordinary and compelling reasons did not exist to justify a sentence reduction.

In May 2022, Hoeltzel filed a second motion for compassionate release (ECF No. 88), which has been transferred to the undersigned. The government does not dispute that Hoeltzel properly exhausted his remedies before filing this motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). (ECF No. 91, PageID.1198.)

*Legal Standard*

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows the Court to reduce a defendant's sentence if, "after considering the factors set forth in section 3553(a)," it finds that "extraordinary and compelling reasons" warrant a reduction and the reduction would be "consistent with applicable policy statements by the Sentencing Commission." There is currently no applicable policy statement. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

*Analysis*

*Extraordinary and compelling circumstances for release*

In his motion, Hoeltzel asserts that three circumstances have developed since the imposition of his sentence which make it more punitive than originally intended. (ECF No. 88.) Specifically, he notes that: 1) the COVID-19 pandemic has negatively impacted his conditions of incarceration, resulting in lockdowns, suspensions of rehabilitative programming, and difficulties in accessing medical and dental care; 2) the finalization of his state sentence has disqualified him under the First Step Act from being able to apply time credits towards early release and

prevented him from being able to access certain rehabilitative programs; and 3) he has been twice attacked by other inmates. Hoeltzel contends that, when considered together, these circumstances present an extraordinary and compelling reason to reduce his sentence.

To support his motion, Hoeltzel attaches several categories of documents. The first are diplomas he has earned from rehabilitative programming and his requests to enroll in additional programming, to which officials have responded by waitlisting him or informing him that certain programs are currently unavailable. (ECF. 89, PageID.1102-03, 1105-13, 1180-89.) The second are his requests for dental care, to which officials have responded by telling him that they are experiencing staffing shortages. (*Id.* at PageID.1115-17.) The third are his medical records, which list his chronic conditions, note recommendations for follow-up care, document injuries he sustained during an assault by other inmates, and evidence several requests for treatment. (*Id.* at PageID.1123-65.) The fourth are records of his housing placements and letters expressing his concern that prison staff are perpetuating a culture of hostility toward inmates convicted of sexual offenses. (*Id.* at PageID.1168-75.) The final category comprises of his updated PATTERN risk assessment reports and time credit calculations. (*Id.* at PageID.1177-79, ECF No. 97.)

The various conditions Hoeltzel describes are unquestionably hardships. But they are the kind of hardships that many inmates suffer and are not unique to him. As another court has noted, "the realities of the pandemic have meant that all inmates have been forced to endure difficult conditions, including onerous lockdowns and pandemic-related restrictions." *United States v. Khelifi*, 2021 WL 5050333, at *4 (S.D. Ind. Nov. 1, 2021). The Court's authority to modify a sentence after it has been imposed are circumscribed, *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001), and harsh conditions of incarceration do not on their own present an extraordinary and compelling reason to reduce a prisoner's sentence. *Cf. United States v. Sherrod*, 2021 WL 3473236, at *3 (E.D. Mich. Aug. 6, 2021) (Tarnow, J.) (concluding that uniquely punitive conditions of incarceration, plus heightened susceptibility to complications from COVID-19, could present adequate reason for sentence reduction). In his reply brief Hoeltzel specifically notes that his motion is not grounded in a heightened medical risk from COVID-19;

3

indeed, he has received both doses of the Moderna vaccine and a booster shot. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Unfortunately, the deprivations Hoeltzel describes are known to many federal inmates.[1]

Hoeltzel's denial of access rehabilitative programs is particularly egregious because he has shown the ability and willingness to participate in such programs. But loss of access to these programs—whether because of the pandemic or his state conviction—does not present an extraordinary or compelling reason to reduce his sentence. *See United States v. Perez*, 549 F. Supp. 3d 716, 717-18 (N.D. Ohio 2021) (recognizing that "lack of rehabilitative programming" is "particularly difficult" during the pandemic but declining to reduce sentence on these grounds); *see also Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (noting that prisoners do not "have a constitutional right to participate in any prison rehabilitation programs"). Nonetheless, the Court wishes to emphasize its conviction that such programming should be made equally available to all inmates and—given Hoeltzel's demonstrated desire to do so—recommends that he be permitted to participate in it. It is irrational and inconsistent with the best interests of the inmate and society to deprive the inmate of programming that can assist in his rehabilitation.

Hoeltzel's additional assertions that he is encountering difficulties accessing adequate medical care and that he has now twice endured assaults at the hands of his fellow inmates are closer to the kinds of potentially relevant grounds that have been recognized by the courts. Federal inmates have the right to receive medically necessary care and to be protected from substantial risks of harm, like inmate-on-inmate assaults. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v.*

---

[1] The Court notes that Hoeltzel points to several decisions by courts in this and other districts finding extraordinary and compelling reasons for early release based on pandemic-related risks and deprivations. But many of these decisions predate the Sixth Circuit's decision in *Lemons*, issued in October 2021, which holds that the fact of a defendant's incarceration during the COVID-19 pandemic is not an extraordinary reason for a sentence reduction if a defendant has access to the vaccine.

*Gamble*, 429 U.S. 97, 103 (1976). But it is not clear from the record that Hoeltzel's problems are any worse than they were the last time his motion was considered and denied. And moreover, he does not explain how these concerns would be remedied by granting early release from federal custody and transfer to state custody. Given his acknowledgment that he will mostly likely simply be transferred to a state prison on completing his federal sentence, and the absence of evidence showing that conditions there are significantly better, the Court cannot conclude these conditions amount to extraordinary and compelling reasons to reduce his sentence.

### *Application of the § 3553(a) factors*

Although the Court is denying Hoeltzel's motion based on its inability to conclude that there is a sufficient reason for a sentence reduction, it nonetheless addresses the § 3553(a) factors. These factors include Hoeltzel's history and personal characteristics; the nature and circumstances of his crimes; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing the defendant with any necessary correctional services and treatment.

The Court acknowledges Hoeltzel's expressions of remorse and commends him for his efforts to rehabilitate himself, including his dedication to conducting himself well in prison and participating in the rehabilitative programming made available to him. The Court is also aware that Hoeltzel previously complied with his conditions of community supervision during several months of pre-trial release, and it has reviewed his updated PATTERN risk assessment reports. Nonetheless, the nature and circumstances of Hoeltzel's offenses were quite serious. Although he was a pediatric doctor with a professional career and reputation, he posed as a teenage boy online, engaged in inappropriate communications with minors, and solicited explicit child sexual abusive images from them. He still has five years remaining on his federal sentence according to information publicly available from the Bureau of Prisons Inmate Locator website, with his earliest release in July 2027.

Considering the seriousness of the offense, the needs for imposing a just punishment, protecting the community, and promoting respect for law, the Court concludes after reviewing all of the factors under 18 U.S.C. § 3553(a) that Hoeltzel's original sentence is not greater than necessary.

Accordingly, Hoeltzel's motion is **DENIED.**

**IT IS SO ORDERED.**